*Windham,*
October,
1819.

Walcott,
*v.*
Canfield.

---

THE CENTRAL MANUFACTURING COMPANY *against* HARTSHORNE and others.

A corporation, created by a private act of the general assembly, in order to sustain a suit, must set forth such parts of the act, as are necessary to shew that it is a corporation, and that it has the power to sue.

To a bill in chancery, against defendants residing in this state, a citation, signed by a magistrate, must be annexed, which must be served upon such defendants, at least twelve days before the sitting of the court to which the bill is preferred.

*October* 28.

THIS was a bill in chancery, brought by the corporation of *The Central Manufacturing Company,* against the stockhold-

*Windham,*
*October,*
*1819.*

Central Man-
ufacturing
Company
*v.*
Hartshorne.

ers, stating certain losses and embarrassments, in consequence of which it became necessary, that the debts due from the company should be provided for, and the concerns of the stockholders settled among themselves ; some of the stockholders having advanced large sums of money, and performed services, for the company, while others were indebted to the company ; and praying for an account. It was averred, that the plaintiffs were " made, ordained and constituted a body corporate and politic, by a certain resolve of the general assembly of the state." The bill was dated the 7th of *January,* 1819 ; was signed, by *Nathan Williams,* agent ; and the payment of a duty of one dollar was certified, by *A. T. Judson,* Justice of the Peace. It was filed in the superior court, at the term of that court, held at *Windham,* in *January,* 1819 ; and thereupon the following order was passed : " Ordered by this court, that the bill filed by *The Central Manufacturing Company* be continued, &c. and that notice thereof be given to those interested, in the state, by leaving with them a copy of the bill and of this order, six weeks before the session of said court, and to those out of the state, by a publication in the *National Intelligencer,* six weeks before said session." This order was complied with. At the next term, *Samuel Hartshorne* and *Erastus Philips,* two of the persons named in the bill as stockholders, who had been served with notice, by leaving a copy with them, appeared, and pleaded in abatement, that they and a majority of the stockholders, then, and at the time of filing the plaintiffs' bill, were inhabitants and residents of this state ; and no citation to any party was ever made, or annexed to the bill ; and no service was evever made on the defendants, or any other person in this state, until after the bill had been filed and inserted in the docket of the court, and continued to the next succeeding term : whereas, the bill ought by law, to have been issued with a citation, to the parties living in this state, and a copy left with each of them, at least twelve days prior to the sitting of the court to which it was made returnable. There was, also, a general demurrer to the bill. The plaintiffs demurred to the plea in abatement.

*Judson,* for the plaintiffs, contended, 1. That the plaintiffs had stated enough to entitle them *to sue.* This is a right incident to every corporation. The term necessarily

imports the powers of a natural person.   Had the plaintiffs claimed any peculiar rights or privileges resulting from their act of incorporation, it would undoubtedly have been proper that they should set out the provisions on which they relied. But, in this case, the plaintiffs claim only what belongs to every corporation, by virtue of its existence as such.   That they are a corporation is distinctly averred.   *Com. Dig. tit.* Franchises.  *F.* 19.

*Windham,*
*October,*
1819.

Central Manufacturing
Company
*v.*
Hartshorne.

2. That the service was good.   This is not a civil action, nor governed by the statute regulating civil actions.   It is either within the statute regulating proceedings in equity, (*a*) or it is left to the discretion of the court to which the bill is exhibited.   The statute referred to provides, that courts of equity " shall proceed therein (*i. e.* in suits) according to the rules of equity, and the usage of the general assembly, in such cases."   What are " the rules of equity" in relation to this subject ?   According to the *English* practice, the plaintiff's first step is to exhibit his bill in court, stating his case, and praying for relief; then a process of *subpœna* issues to the defendant, requiring him to appear, and answer to the charges exhibited against him.  1 *Har. Chan. Prac.* 73, 4.   This course, substantially, has been pursued, in the present case.   What is the usage of the general assembly, in analogous cases ?   To receive the petition, and continue it, with an order of notice. If the service is not regulated by statute, but is left to the discretion of the court, then a compliance with the order of the court is all that is necessary.

*Goddard,* for defendants, contended,   1. That the bill was insufficient, first, because the plaintiffs, claiming to be a corporation, by virtue of a private act of the general assembly, had shewn nothing entitling them to sue in that capacity ; and secondly, because the bill, if well brought, had no merits. The corporation complains against its members.   It is not shewn, that this corporation needs the aid of chancery to enforce obedience to its rules.   To sustain such a suit, would be a novel interference.   But if this were, what it is not, a suit by certain individuals, against others interested in a joint concern ; still there are no facts stated, authorizing the plaintiffs to call the defendants to account.

(*a*) *Tit.* 42. *c.* 28. *s.* 1.

26

*Windham,*
October,
1819.

Central Manufacturing
Company
*v.*
Hartshorne.

2. That the plea of abatement was sufficient. Our chancery practice has invariably required a citation to all the defendants living in this state, and service upon them, as the commencement of the suit. There was neither citation, nor service. The order of notice, in this case, was of no avail; for when it was passed, no suit was *pending.*

Hosmer, Ch. J. expressed an opinion, concisely, that the plaintiffs, claiming as a corporation, under a private act of the General Assembly, were bound to set forth, in their bill, at least that part of the act, which gave the power to sue. He referred to *The Middletown Bank* v. *Russ* & al. *ante* 135.

On the other point, he observed, that by the uniformly established practice, in this state, the plaintiff in chancery first draws his bill, which he subscribes; and to this is subjoined a summons, signed by a magistrate, commanding the defendant to appear, and shew cause why the prayer of the bill should not be granted. A copy of this must be left in service, at least twelve days before the sitting of the court. To this there is an admitted exception, where the defendant lives without the state, resulting from the necessity of the case. A bill is filed in term time; and, by virtue of the statute, the court prescribe what notice shall be given.

The plaintiffs have, without any cause, thought proper to commence a novel mode of practice, entirely unnecessary, and unsanctioned by any previous course of proceeding. I am, therefore, of opinion, that the plea of abatement is sufficient.

The other Judges were of the same opinion, except Bristol, J. who said, that on the point of service he had entertained some doubts. An order of notice, signed by the clerk, and served on the defendants, he thought, would be sufficient notice, and good as a summons. One or two of the Judges considered the bill defective, not only because it did not set forth the act of incorporation, or the necessary parts of it, but because it did not disclose a *case* rendering the interposition of a court of chancery necessary; but on this point a majority of the Court gave no opinion.

Plea of abatement sufficient.